**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

NICOLAS GARCIA-VILLAPANDO,

　　Defendant-Appellant.

No. 98-1336
(D.C. No. 98-CR-143-ALL)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nicolas Garcia-Villapando appeals from the sentence imposed after his plea of guilty to unlawfully reentering the United States after deportation for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Counsel appointed to represent defendant on appeal filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). For the reasons set out below, we dismiss the appeal.

The facts supporting defendant's guilty plea are set forth in the Plea Agreement and Statement of Facts Relevant to Sentencing. The plea agreement anticipated a sentencing guideline range of 77 to 96 months. Defendant's trial counsel filed a Motion for Downward Departure, arguing that the district court should exercise its discretion to depart downward under the authority of *United States v. Lipman*, 133 F.3d 726 (9th Cir. 1998), based on defendants's "cultural assimilation" into the United States. The district court recognized it had discretion to depart downward but declined to do so, sentencing defendant to 77 months imprisonment.

Trial counsel filed a notice of appeal on defendant's behalf and moved to withdraw. New counsel was appointed to represent defendant on appeal. *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he should so advise the court and request permission to withdraw. Counsel must in addition submit to both the court and his client a brief referring

to anything in the record arguably supportive of the appeal. The client may then raise any points he chooses, and the appellate court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is, in fact, frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id. at* 744.

In his *Anders* brief, counsel raises three possible points: the district court's refusal to depart downward; ineffective assistance of counsel; and defendant's argument that prior INS deportation procedures were not constitutional. Defendant was notified of his right to file a pro se brief, and he has not chosen to do so. Accordingly, we turn to an examination of the proceedings below to determine if the appeal is wholly frivolous.

The district court refused to grant defendant a downward departure. In so doing, the court clearly recognized that it had the discretion to depart downward but declined to do so. Because the court acknowledged its authority to grant such a departure, we have no jurisdiction to review its decision refusing to exercise that authority. *See United States v. Castillo*, 140 F.3d 874, 887-89 (10th Cir. 1998); *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

We have carefully examined the record to ascertain whether any other ground exists to support a challenge to defendant's sentence. We find nothing in the record to indicate that the sentence imposed was in violation of the law or the

result of a misapplication of the guidelines. Accordingly, we are without jurisdiction to consider such a challenge. *See United States v. Sanchez*, 146 F.3d 796, 796-97 (10th Cir. 1998); 18 U.S.C. § 3742(a).

To the extent that Mr. Garcia-Villapando's notice of appeal can be viewed as an assertion that his counsel was ineffective, the issue must be raised collaterally rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We pointed out in *Galloway* that such claims brought on direct appeal are presumptively dismissible because most ineffectiveness claims need further record development. *Id.* Although we recognized that in rare instances the merits of an ineffectiveness claim may be reviewed on direct appeal because the claim needs no further development, *id.*, that rare exception is clearly not applicable here. To the extent defendant wishes to raise ineffective assistance of counsel, therefore, the claim must be pursued in a collateral proceeding.

Defendant asserts in his docketing statement that the INS deportation proceedings did not pass constitutional muster, thereby making the actual charges against him invalid. He did not raise this issue in the trial court. Counsel has reviewed the record for any support for defendant's stated issue and has been unable to find anything to indicate to what defendant may be referring. Moreover, "[w]e will not consider any argument raised for the first time on

appeal." *See United States v. Mendoza-Lopez*, 7 F.3d 1483, 1485 n.2 (10th Cir. 1993).

After review of the entire proceedings, we conclude that the record establishes no non-frivolous ground for appeal. The appeal is therefore **DISMISSED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge