**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FRANCISCO JAVIER RODARTE-
BARRAZA,

      Defendant-Appellant.

No. 98-1255
(D.C. No. 98-CR-13-M)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Francisco Javier Rodarte-Barraza appeals from the sentence imposed after his plea of guilty to unlawfully reentering the United States after deportation for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Counsel appointed to represent defendant on appeal filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). For the reasons set out below, we dismiss the appeal.

The facts supporting defendant's guilty plea are set forth in the Plea Agreement and Statement of Facts Relevant to Sentencing. The plea agreement anticipated a sentencing guideline range of 46 to 57 months. The Probation Department calculated a guideline range of 77 to 96 months and recommended 77 months imprisonment. Defendant's trial counsel filed a Motion for Downward Departure, arguing that criminal history category VI overrepresented the seriousness of defendant's criminal history and that the unusual circumstances surrounding defendant's reentry into the United States supported a downward departure. The district court agreed on both accounts and sentenced defendant to 30 months imprisonment.

Defendant asked his trial counsel to file a notice of appeal on his behalf. New counsel was appointed to represent him on appeal. *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he should so advise the court and request permission to withdraw. Counsel must in

addition submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any points he chooses, and the appellate court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is, in fact, frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id. at* 744.

In his *Anders* brief, counsel raises two possible points: ineffective assistance of counsel and a challenge to the sentence. Defendant was notified of his right to file a pro se brief, and he has not chosen to do so. Accordingly, we turn to an examination of the proceedings below to determine if the appeal is wholly frivolous.

To the extent that Mr. Rodarte-Barraza's notice of appeal can be viewed as an assertion that his counsel was ineffective, the issue generally must be raised collaterally rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We pointed out in *Galloway* that such claims brought on direct appeal are presumptively dismissible because most ineffectiveness claims need further record development. *Id.* Although we recognized that in rare instances the merits of an ineffectiveness claim may be reviewed on direct appeal because the claim needs no further development, *id.*, that rare exception is clearly not applicable here. In fact, the record we have

before us reflects that trial counsel was exceptionally effective in convincing the district court to significantly reduce defendant's potential sentence. To the extent defendant wishes to raise counsel ineffectiveness issues not apparent on this record, he must do so collaterally.

We have carefully examined the record to ascertain whether any ground exists to support a challenge to defendant's sentence. Here, the sentence was not only below that recommended by the Probation Department, it was also below that contemplated by the plea agreement. We find nothing in the record to indicate that the sentence imposed was in violation of the law or the result of a misapplication of the guidelines. Accordingly, we are without jurisdiction to consider the challenge. *See United States v. Sanchez*, 146 F.3d 796, 796-97 (10th Cir. 1998); 18 U.S.C. § 3742(a).

After review of the entire proceedings, we conclude that the record establishes no non-frivolous ground for appeal. The appeal is therefore **DISMISSED** and counsel's motion to withdraw is **GRANTED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge