**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2002**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRIUS COURTNEY TAYLOR,

Defendant-Appellant.

No. 00-1466
(D.C. No. 00-CR-35-S)
(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Without filing any pretrial motions to suppress any statements or evidence, Darrius Taylor pled guilty to Count 1 of an indictment charging him with possession of a firearm by a prohibited person in violation of 18 U.S.C. §

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

922(g)(1). In the plea agreement, the parties agreed there was no dispute regarding the facts set forth, which established the requirements for meeting every element of the named offense.

The parties agreed to an adjusted offense level of 23 and recommended this level to the district court pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C). The court accepted the recommendation. Combined with Mr. Taylor's criminal history category of III, the total imprisonment range was 57 to 71 months. The district court sentenced Mr. Taylor to 66 months imprisonment, and he appeals.

The district court appointed present counsel to represent Mr. Taylor in his appeal. Counsel thereafter filed a brief pursuant to Tenth Circuit Rule 46.4(B)(1) and *Anders v. California*, 386 U.S. 738 (1967). According to the procedure set forth in *Anders*, appellant's counsel must first make a "conscientious examination" of the case to determine if the appeal is "wholly frivolous." *Id.* at 744. If counsel so finds, counsel may advise the court of such finding and then request the court's permission to withdraw. Additionally, counsel must submit to both the court and to the client a brief denoting any point in the record that arguably supports the appeal. *See id.*

The client may then, by filing additional materials with the court, raise any point concerning the appeal. Thereafter, the reviewing court must completely

examine all proceedings in the case to determine whether, in fact, the appeal is frivolous. If the court so finds, it subsequently may grant counsel permission to withdraw and dismiss the appeal. *See id.*

Pursuant to this procedure, counsel for Mr. Taylor raises two issues in his *Anders* brief. The first issue concerns whether the district court erred in sentencing Mr. Taylor at the higher, rather than lower, end of the applicable guideline range. The second issue counsel raises is whether this court may consider, on direct appeal, Mr. Taylor's claim of ineffective assistance of trial counsel. Mr. Taylor, pro se, apparently claims his trial counsel failed to effectively represent him, and that as a result, Mr. Taylor received a 66-month sentence rather than the 57-month sentence he had anticipated.

Regarding the first point raised, this court lacks jurisdiction to review Mr. Taylor's sentence. *See* 18 U.S.C. § 3742(a), (c)(1). "[A] defendant receiving a sentence under a Rule 11(e)(1)(C) plea agreement may appeal only when his sentence 'was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines.'" *United States v. Sanchez*, 146 F.3d 796, 797 (10th Cir. 1998). Absent fulfillment of either condition, we lack jurisdiction to review a defendant's challenge to the district court's sentencing determination. *See id.*

The applicable guideline range recommended by the parties pursuant to the Rule 11(e)(1)(C) plea agreement included a period of imprisonment from 57 to 71 months.[1] The district court, using the same total offense level and criminal history category figures recommended by the parties, sentenced Mr. Taylor at the higher end of this guideline range.[2] The sentence imposed thus fell within the appropriate range as determined by both the parties and the district court. Nothing in the record indicates that this sentence was "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. §§ 3742(a)(1) & (2). We are therefore without jurisdiction to review the sentence chosen by the district judge.

Regarding the second issue raised in counsel's *Anders* brief, we may not consider Mr. Taylor's claim of ineffective assistance of trial counsel on direct appeal. Established precedent from this circuit holds that, absent certain limited circumstances not present here, "claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995). Such claims brought on direct appeal are "presumptively dismissible." *Id* at 1240. To

---

[1] The parties determined this guideline range based on an adjusted offense level of 23, combined with a criminal history category of III.

[2] Based on the possible range of 57 to 71 months, the District Judge sentenced Mr. Taylor to 66 months imprisonment.

overcome this presumption, the record, as it stands on direct appeal, must be sufficiently complete to allow the reviewing court to fully evaluate the ineffectiveness claim, including "the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." *United States v. Beaulieu*, 930 F.2d 805, 807-808 (10th Cir. 1991).

As noted by counsel in his *Anders* brief, the record in this case is not sufficiently developed to allow for effective review of Mr. Taylor's claim. Explanation of and justification for the various tactical decisions made by trial counsel are lacking in the present record. Further, the record fails to show the exact prejudice to Mr. Taylor as a result of his counsel's tactics. Absent such details, which are necessary for this court to evaluate whether trial counsel was, in fact, ineffective, this claim must be brought on collateral review pursuant to 28 U.S.C. § 2255.

Accordingly, we **GRANT** counsel's request to withdraw, **DISMISS** Mr. Taylor's sentencing challenge due to a lack of appellate jurisdiction, and **DISMISS** without prejudice his claim of ineffective assistance of trial counsel.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-