**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco LEMUS–BARRAGAN,**
**Defendant–Appellant.**

No. 98–56686.

D.C. Nos. CV–98–00018–JNK, [Lead CR–96–00155–JNK].

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided March 12, 2001.

Before ALARCÓN, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM *

Lemus–Barragan appeals the denial of his motion to vacate, set aside or correct his sentence, made pursuant to 28 U.S.C. § 2255, without an evidentiary hearing and the denial of his motion for reconsideration. He argues that the deportation underlying his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), should be set aside, as he did not receive the required notice of his right to contact the Mexican consulate. He also now raises ineffective assistance of counsel claims attacking both his plea and his sentence.

"When a criminal defendant has solemnly admitted in open court that he is in fact

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

738

guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). On April 26, 1996, Lemus–Barragan entered into a conditional plea agreement, in which he admitted the elements of the offense, and on April 30, 1996, the district court accepted that agreement. Now, he attempts to collaterally attack an error that occurred prior to the entry of that plea. He is barred from doing so by his guilty plea. Therefore, the district court's denial of his section 2255 motion is affirmed on this alternative ground.

Lemus–Barragan argues that the failure to preserve this issue for appeal and the failure of counsel to advise him of his right to appeal his conviction based upon the technical violation by the INS in his underlying deportation violated his constitutional right to effective assistance of counsel. He also claims that his Sixth Amendment rights were violated because his counsel failed to move for a downward departure based on cultural assimilation at sentencing. These claims were not properly raised before the district court and are not contained within the certificate of appealability ("COA"), and therefore we do not consider their merits. *See* Ninth Circuit Rule 22–1.

Lemus–Barragan's motion for reconsideration was properly denied by the district court, as it merely reiterated his prior grievances. *See Sanders v. United States,* 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Finally, although Lemus–Barragan pleaded to a single count reflecting a single crime, the judgment in this case references both section 1326(a) and 1326(b)(2). Section 1326(b)(2) is a sentencing provision. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir. 2000). The government has no objection to the correction of this clerical error. The district court is hereby ordered to strike the reference to section 1326(b)(2) from Lemus–Barragan's judgment.

AFFIRMED and REMANDED for the purpose of correcting the judgment.