# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

ISMAEL OCEGUEDA GONZALEZ, a/k/a
Mario Hernandez,

       *Defendant-Appellant.*

No. 03-4669

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-03-65)

Submitted: January 7, 2004

Decided: January 28, 2004

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ismael Ocegueda Gonzalez appeals his conviction and sentence after pleading guilty to reentering the United States without first obtaining the consent of the United States Attorney General in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Gonzalez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserted claims that the district court abused its discretion in denying Gonzalez's motion for downward departure and committed plain error by not dismissing the indictment. Gonzalez has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm Gonzalez's conviction and sentence.

Gonzalez contends the district court abused its discretion when it denied his motion for downward departure. A district court's decision not to depart below the guidelines range is not reviewable unless the court mistakenly believed that it lacked authority to depart. *United States v. Carr*, 271 F.3d 172, 176-77 (4th Cir. 2001). Here, the district court recognized that it had the authority to depart, but chose to exercise its discretion against any such departure. The court's decision therefore is not subject to our review. *Id.*

Gonzalez's second argument is that the district court committed plain error when it failed to dismiss the indictment. Before we may correct a trial error to which there was no contemporaneous objection, three factors must be shown: (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Cotton*, 535 U.S. 625, 631-32 (2002). We may exercise our discretion to correct the error when all three factors are met and when the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S.

461, 467 (1997)). We conclude that the district court did not err. Moreover, Gonzalez's guilty plea waived any antecedent non-jurisdictional errors. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Gonzalez's conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*