**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2536

UNITED STATES OF AMERICA,

Appellee,

v.

MANUEL RAMON VARGAS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge
and Stahl, Senior Circuit Judge.

Mark B. Laroche, by appointment of the court, was on brief for appellant.
Robert Clark Corrente, United States Attorney, with whom Donald C. Lockhart and Zechariah Chafee, Assistant United States Attorneys, were on brief, for appellee.

May 13, 2008

**Per Curiam**. Appellant Manuel Ramon Vargas pleaded guilty to one count of illegal reentry following a prior deportation in violation of 8 U.S.C. § 1326(a). The district court sentenced him to thirty months' imprisonment. Vargas appeals, contending that the underlying deportation order failed to comport with due process.

The elements of illegal reentry are that the defendant "(1) is an alien, (2) was previously deported, and (3) thereafter entered, or attempted to enter, the United States without permission." United States v. Contreras Palacios, 492 F.3d 39, 42 (1st Cir. 2007). An alien may negate the second element via collateral attack of the underlying deportation order by satisfying certain criteria enumerated in 8 U.S.C. § 1326(d). Here, Vargas attempted to obtain relief pursuant to § 1326(d) by filing a motion to dismiss before the district court. See United States v. Vargas, 479 F. Supp. 2d 252 (D.R.I. 2007) (rejecting Vargas's motion to dismiss). Now, on appeal, Vargas suggests that the district court erred by denying his motion to dismiss.

At the plea hearing, Vargas initially expressed a desire to continue to pursue on appeal his collateral attack against the prior deportation order. The district court, however, plainly instructed Vargas that, by pleading guilty, he would waive his right to appeal his conviction for the crime of illegal reentry. Because Vargas pleaded guilty following the district court's clear

and unequivocal admonition, his challenge is foreclosed by <u>Tollett</u> v. <u>Henderson</u>, 411 U.S. 258 (1973).  Under the <u>Tollett</u> doctrine, subject to narrowly construed exceptions, "a defendant who pleads guilty unconditionally waives all 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'"  <u>United States</u> v. <u>Gaffney</u>, 469 F.3d 211, 214 (1st Cir. 2006) (quoting <u>Tollett</u>, 411 U.S. at 267). Vargas does not argue that his plea was involuntary, <u>see</u> <u>United States</u> v. <u>Gonzalez-Mercado</u>, 402 F.3d 294, 298 (1st Cir. 2005), or that the court lacked jurisdiction, <u>see</u> <u>United States</u> v. <u>Cordero</u>, 42 F.3d 697, 698-99 (1st Cir. 1994).  Consequently, Vargas may not now renew his pre-plea collateral attack against the deportation order upon which the instant conviction is predicated.  <u>See</u> <u>United States</u> v. <u>Gonzalez</u>, 85 F. App'x 881, 882 (4th Cir. 2004) (per curiam) (unpublished); <u>United States</u> v. <u>Ortega-Guzman</u>, 76 F. App'x 846, 847-48 (10th Cir. 2003) (unpublished); <u>United States</u> v. <u>Lemus-Barragan</u>, 5 F. App'x 737, 737-38 (9th Cir. 2001) (per curiam) (unpublished).

<u>Affirmed</u>.