F I L E D
United States Court of Appeals
Tenth Circuit

JUN 11 1998

PATRICK FISHER
Clerk

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY EDWARD SANCHEZ,
a/k/a Antonio Edward Sanchez,

Defendant-Appellant.

Nos. 97-1219
&
97-1233

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. Nos. 97-CR-35-D & 96-CR-338-D)**

---

Submitted on the briefs:

Henry L. Solano, United States Attorney, Andrew A. Vogt, Assistant U.S. Attorney, Denver, Colorado, for Plaintiff-Appellee.

David J. Richman of Burns, Figa, & Will, P.C., Englewood, Colorado, for Defendant-Appellant.

---

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

---

**HENRY**, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  These cases are therefore ordered submitted without oral argument.

In these consolidated direct appeals, defendant argues 1) the district court erred in imposing a sentence exceeding the applicable sentencing guideline range, pursuant to a Fed. R. Crim. P. 11(e)(1)(C) plea agreement; and 2) defense counsel provided ineffective assistance at sentencing.  We lack jurisdiction to review defendant's challenge to his sentence because he does not assert either that the sentence imposed was in violation of the law or that the sentence resulted from a misapplication of the guidelines.  See 18 U.S.C. § 3742(a)(1) & (2), (c)(1).  We conclude his ineffective assistance claim is without merit.

I.      JURISDICTION TO CHALLENGE SENTENCE

18 U.S.C. § 3742 provides for only limited appellate review of federal sentences.  See Koon v. United States, 518 U.S. 81, 96 (1996).  Section 3742(c)(1) provides that, where, as here, defendant received the specific sentence provided by a Rule 11(e)(1)(C) plea agreement, he "may not file a notice of

appeal" under § 3742(a)(3) or (4).[1]  See United States v. Denogean, 79 F.3d 1010, 1013 (10th Cir. 1996); cf. United States v. Veri, 108 F.3d 1311, 1315 (10th Cir. 1997) (where defendant received sentence called for in Rule 11(e)(1)(C) plea agreement, this court did not have appellate jurisdiction to review sentence).

A defendant receiving a sentence under a Rule 11(e)(1)(C) plea agreement may appeal only when his sentence "was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(1) & (2).  See Denogean, 79 F.3d at 1013-14.  In this appeal, defendant does not argue that his sentence was in violation of law.  See, e.g., United States v. Littlefield, 105 F.3d 527, 528 (9th Cir.) (sentence within statutory maximum did not violate law for purposes of § 3742(a)), cert. denied, 117 S. Ct. 2423 (1997)..

Nor does he assert that the sentence imposed resulted from a misapplication of the guidelines.  When initially proposed, the parties mistakenly believed, and the plea agreement erroneously indicated, that the 206-month sentence provided in the agreement was within the applicable guideline range.  Nonetheless, at the time the district court accepted the plea agreement at the sentencing hearing, all

---

[1]     Subsections (a)(3) and (4) of § 3742 allow an appeal from a sentence that "is greater than the sentence specified in the applicable guideline range [or] was imposed for an offense for which there is no sentencing guideline and [the sentence] is plainly unreasonable."

parties were aware that, under the proper application of the guidelines, the 206-month sentence was actually in excess of the applicable sentencing range. Defendant had the opportunity to withdraw his plea in light of the initial miscalculation of the sentencing range, but he declined to do so and again agreed to the imposition of the 206-month sentence. See United States v. Libretti, 38 F.3d 523, 529-30 (10th Cir. 1994) (holding defendant was bound by plea agreement, where district court thoroughly assessed whether defendant understood consequences of guilty plea), aff'd, 516 U.S. 29 (1995).

On appeal, therefore, defendant challenges only the propriety of the district court's imposition of a sentence in excess of the applicable guideline range, pursuant to the express terms of the Rule 11(e)(1)(C) agreement. Section 3742(c)(1) specifically precludes defendant's appeal based upon this issue. See United States v. Trujeque, 100 F.3d 869, 870 (10th Cir. 1996) (in dicta); United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th Cir. 1994).

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel provided ineffective assistance at sentencing by failing to detect the errors in the initial calculation of the sentencing range and in failing to object to the district court's imposition of a sentence in excess of the applicable guideline range. Deeming these claims to be

the "rare [ineffective assistance] claims which are fully developed in the record [and which thus] may be brought . . . on direct appeal," United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc), we conclude defendant is not entitled to relief because he is unable to show the requisite prejudice resulting from counsel's purportedly ineffective representation, see Strickland v. Washington, 466 U.S. 668, 692 (1984). Cf. United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997) (counsel did not provide ineffective assistance where defendant, "armed with full knowledge of the ramifications of his decision," rejected plea agreement), petition for cert. filed (U.S. Apr. 20, 1998) (No. 97-8838).

We, therefore, DISMISS defendant's claim challenging his sentence, for lack of appellate jurisdiction, and otherwise AFFIRM the judgment of the United States District Court for the District of Colorado.