**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

MAURICIO ROMAN,

　　　　Defendant-Appellant.

No. 97-1472
(D.C. No. 97-CR-71-D)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Mauricio Romano pled guilty to one count of conspiracy to possess and distribute 142 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. In this direct criminal appeal, defendant argues that the district court abused its discretion in not allowing him additional time to object to the presentencing report (PSR) and that his defense counsel provided him ineffective assistance at sentencing. We find no error.

Defendant was named in two counts of a six-count indictment related to the distribution of cocaine. Defendant entered into a plea agreement with the government under Fed. R. Crim. P. 11(e)(1)(C), whereby he agreed to plead guilty to count four and cooperate with the government and the government agreed to dismiss count five and recommend a thirteen-month sentence. The plea agreement did not consider defendant's alleged participation in count five as relevant conduct for sentencing purposes and made the assumption that defendant's criminal history category was level I. The plea agreement stated that the recommended sentence and the sentencing guideline ranges resulting from the plea stipulations were not binding on the sentencing court.

The PSR recommended a sixty-month sentence. The PSR did consider defendant's participation in count five as relevant conduct, pursuant to U.S.S.G. § 1B1.3, and applied a criminal history category of level II because defendant was convicted of a firearm felony that was not considered in the plea

agreement. Defendant's counsel did file timely written objections to the PSR, but he objected only to minor, typographical errors, not to the PSR's sentencing guideline calculations or recommended sentence.

At the initial sentencing hearing, defendant's counsel expressly stated his agreement with the sentencing guideline calculations in the PSR. However, when the district court stated its intent to reject the sentence stipulated in the plea agreement, defendant's counsel raised, for the first time, objections to some of the PSR's factual assertions, particularly with respect to the conduct alleged in count five, which the PSR treated as relevant conduct for sentencing purposes. Defendant's counsel conceded that defendant's actual criminal history category was level II, rather than level I.

Defense counsel said he had not previously objected to the PSR's sentencing recommendation because he had reached a stipulated sentence plea agreement with the government. The court said it would not take new objections to the PSR because objections were required to be filed prior to sentencing. The district court allowed defendant an opportunity to withdraw his plea agreement. Defendant declined to do so, and the court sentenced him to twenty-four months' imprisonment. This sentence was based on inclusion of count five as relevant conduct, but also included a downward departure for defendant's substantial assistance to the government.

I.

Defendant first contends that the district court abused its discretion when it refused to hear defense counsel's objections to the PSR at the sentencing hearing. Fed. R. Crim. P. 32(b)(6)(D) states that the sentencing court may allow a new objection to be raised at any time before imposing sentence, for good cause shown. The district court is not required to hear a parties' new objection to the presentence report at sentencing. See United States v. Hardwell, 80 F.3d 1471, 1500 (10th Cir. 1996). Its decision whether to hear new objections raised at a sentencing hearing is a matter left to its discretion. See United States v. Archuleta, 128 F.3d 1446, 1452 n.12 (10th Cir. 1997).

Here, defendant never asserted good cause existed to warrant the district court's acceptance of new objections raised for the first time at sentencing. Defendant's counsel stated he did not file written objections to the PSR's sentencing recommendation because he had reached a plea agreement with the government, implying his belief that the sentence agreed to in the plea agreement was binding on the court. This notion is belied by the plea agreement itself, which expressly states that "the defendant [is] aware that the guideline ranges resulting from these stipulations are not binding on the Court, and the Court is free . . . to reach its own findings of facts and factors which are relevant to sentencing, accepting or rejecting the parties' positions herein." R. plea

-4-

agreement at 4. <u>See also</u> U.S.S.G. § 6B1.4(d) (sentencing court is not bound by stipulation of facts relevant to sentencing, but may, with aid of presentence report, determine the facts relevant to sentencing). In any event, defendant's counsel did not assert that his mistaken belief constituted good cause, and we do not find that the district court abused its discretion by declining to accept defendant's objections to the PSR raised for first time at the sentencing hearing. See <u>United States v. Jones</u>, 70 F.3d 1009, 1010 (8th Cir. 1995).

II.

Defendant also argues that his defense counsel provided ineffective assistance of counsel by failing to object to the PSR's sentencing guideline recommendation. Ordinarily, ineffective assistance of counsel claims asserted on direct appeal are "presumptively dismissible." <u>See</u> <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Nonetheless, defendant has new counsel and because the record is sufficient to permit full review of the alleged ineffectiveness, we deem this claim to be one of the "rare . . . claims which are fully developed in the record [and which thus] may be brought . . . on direct appeal. <u>Id.</u> at 1242; <u>United States v. Sanchez</u>, Nos. 97-1219 & 97-1233, 1998 WL 324322, at *2 (10th Cir. June 11, 1998).

To establish ineffective assistance of counsel, defendant must show that his counsel's performance fell below an objective standard of reasonableness, and

that counsel's deficient performance was prejudicial.  See Strickland v. Washington , 466 U.S. 668, 687 (1984).  Under the second prong of  Strickland , to demonstrate prejudice in the context of failing to object to a presentence report, defendant must establish either that counsel's performance rendered the proceedings "fundamentally unfair or unreliable" or that the deficient performance resulted in a "significantly greater sentence."  United States v. Kissick , 69 F.3d 1048, 1055, 1056 (10th Cir. 1995).  "'[A] court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance.'"  Kissick , 69 F.3d at 1055 (quoting Lockhart v. Fretwell  , 506 U.S. 364, 369 (1993)).

The plea agreement calculated defendant's applicable sentencing range as twelve to eighteen months, and the government recommended a thirteen-month sentence.  At the change of plea hearing, prior to the preparation of the PSR, the district court indicated its intention to reject the thirteen-month recommendation and sentence defendant to eighteen months.  R. Vol. 2, at 25.  Defendant's subsequent concession that his actual criminal history category was level II increased his applicable sentence from the twelve- to eighteen-month range calculated in the plea agreement, to a fifteen- to twenty-one month range.  See U.S.S.G. ch. 5, pt. A.  Despite defendant's counsel's failure to file a written objection to the PSR's inclusion of count five as relevant conduct, it is clear that

the district court was aware of the objections counsel asserted at the sentencing hearing because, contrary to the PSR's recommendation that defendant receive a sixty-month sentence, the district court sentenced defendant to only twenty-four months.

Thus, the sentence defendant received is only six months higher than the sentence the district court indicated it would give before the PSR was prepared, and only a few months higher than the sentencing range applicable to defendant considering his actual criminal history category of level II, but excluding count five as relevant conduct. Accordingly, defendant's ineffective assistance of counsel claim fails because even assuming that his counsel's performance fell below an objectively reasonable standard, defendant has failed to demonstrate that his counsel's performance rendered the sentencing proceeding fundamentally unfair or unreliable, or resulted in a significantly greater sentence.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge
