**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James William HILL, Defendant–**
**Appellant.**

**No. 01–2176.**

United States Court of Appeals,
Tenth Circuit.

Dec. 5, 2001.

948

Before HENRY, BRISCOE and MURPHY, Circuit Judges.

### ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant James William Hill, a federal prisoner appearing pro se, seeks a certificate of appealability to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We deny a certificate of appealability and dismiss the appeal.

Pursuant to a plea agreement, Hill pled guilty to one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced to a term of imprisonment of 84 months. Hill's § 2255 motion alleged (1) he was denied his Fifth Amend-

ment right to due process and his Sixth Amendment right to notice and jury trial because the indictment did not specify a quantity of drugs; (2) he was denied his Fifth and Fourteenth Amendment rights to due process when the government breached the plea agreement by presenting prior convictions in support of an enhanced sentence; and (3) he was denied his Fifth and Fourteenth Amendment rights to due process when the government failed to comply with 21 U.S.C. § 851 in failing to file a notice of intent to seek an enhanced sentence as a result of prior convictions. He filed a motion to amend his § 2255 motion to add a claim of ineffective assistance of counsel.

The magistrate judge recommended denial of the petition. The magistrate found that "any failure by the government to specifically state the drug quantity in the indictment did not implicate [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] because Hill's sentence did not exceed the statutory maximum, even for the offense of distribution of an unspecified amount of cocaine base." Report at 5. The magistrate further found there was no breach by the government of the plea agreement. With respect to the claim of failure to comply with 21 U.S.C. § 851, the magistrate determined "[a]ny neglect in following the procedure set forth in 21 U.S.C. § 851[was] an antecedent, nonjurisdictional defect that was waived by the entry of a valid guilty plea." *Id.* at 7. The magistrate also found that Hill had no valid claim for ineffective assistance of counsel. After considering Hill's objections, the district court adopted the magistrate's findings, denied the § 2255 motion, denied the motion to amend, and dismissed the action with prejudice.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On appeal, Hill states his issue as: "Whether defendant should be resentenced within the sentencing guideline range, as a matter of law, specified for the correct amount of drugs involved in this case." Brief at ii.

Under 18 U.S.C. § 3742(c)(1), where, as here, a defendant receives the specific sentence provided by a Rule 11(e)(1)(C) plea agreement, he "may not file a notice of appeal" under § 3742(a)(3) or (4), unless the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. *See United States v. Sanchez,* 146 F.3d 796, 797 (10th Cir.1998). The plea agreement stated that the penalty for the crime charged was imprisonment for a period of not less than five years nor more than forty years, a fine not to exceed the greater of $2,000,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim, a mandatory term of supervised release of not less than four years, a mandatory special penalty assessment of $100, and restitution as ordered by the court. The plea agreement provided that "[p]ursuant to Rule 11(e)(1)(C), Fed.R.Crim.P., the sentence to be imposed is 84 (eighty-four) months imprisonment and 4(four) years supervised release." Plea agreement at 2. The agreement further provided:

7. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.

a. Acknowledging that, the defendant knowingly waives the right to appeal any sentence imposed pursuant to the parties agreement under Rule 11(e)(1)(C) on the grounds set forth in Title 18, United States code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at 3.

Hill argues the court should have determined the actual amount of drugs involved before it accepted the plea agreement. However, it is only when drug quantity is used to enhance a sentence beyond the statutory maximum that it must be charged with specificity in the indictment. *See United States v. Jones,* 235 F.3d 1231, 1236 (10th Cir.2000). Hill's sentence was well within the statutory maximum.

We DENY the request for a certificate of appealability and DISMISS the appeal for substantially the same reasons as stated in the magistrate's report and recommendation filed April 26, 2001, and adopted by the district court on May 22, 2001. Hill's motion to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.