**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4858**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TERRELL L. MALLARD, a/k/a Terrell Mailard,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.   (2:09-cr-00461-PMD-1)

Submitted:  April 20, 2011              Decided:  May 4, 2011

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

James T. McBratney, III, MCBRATNEY LAW FIRM, PA, Florence, South
Carolina, for Appellant.   Matthew J. Modica, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell L. Mallard pled guilty in accordance with a written plea agreement to: attempting to kill a federal officer, 18 U.S.C. § 1114(3) (2006); two counts of attempting to kill a person assisting a federal officer, 18 U.S.C. § 1114(3); and possession of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (2006). He was sentenced to thirty years in prison. Mallard now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Mallard was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Mallard first contends that the district court failed to comply with Fed. R. Crim. P. 11. Because Mallard did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). After thoroughly reviewing the transcript of the Rule 11 hearing, we discern no plain error.

Mallard also contends that his sentence is unreasonable. We note that, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated to the thirty-year sentence in the plea agreement. Because the district court accepted the plea agreement, Mallard "may appeal only when his sentence was imposed in violation of law [or] was imposed as a result of an

2

incorrect application of the sentencing [G]uidelines." See United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998).

Mallard's sentence was not imposed in violation of law. He was subject to a twenty-year maximum on each of the 18 U.S.C. § 1114(3) counts. See 18 U.S.C. §§ 1114(3), 1113 (2006). His conviction on the firearm charge subjected him to a mandatory minimum of ten years and a maximum of life in prison. See 18 U.S.C. § 924(c)(1)(A)(iii). Further, that sentence had to run consecutively to any sentence imposed for the § 1114(3) violations. See 18 U.S.C. § 924(c)(1)(D)(ii). Mallard was sentenced to twenty years for each of the § 1114(3) offenses; the sentences run concurrently. He received a consecutive 120-month sentence for the firearm offense.

Additionally, his sentence did not result from an incorrect application of the Guidelines. A sentence imposed in accordance with a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating "sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines"). Because 18 U.S.C. § 3742(c) (2006) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions in § 3742(c) applies in this case, we lack jurisdiction to review Mallard's sentence.

Finally, Mallard contends that defense counsel was ineffective. To allow for adequate development of the record, a defendant ordinarily must raise a claim of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion unless it conclusively appears on the face of the record that counsel provided inadequate assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Here, no such ineffectiveness appears on the record.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm in part and dismiss in part. This court requires that counsel inform Mallard, in writing, of the right to petition the Supreme Court of the United States for further review. If Mallard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Mallard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4