**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4241**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD COBB,

                    Defendant - Appellant.

—————————

**No. 11-4242**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD COBB,

                    Defendant - Appellant.

—————————

**No. 11-4246**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD COBB,

                    Defendant - Appellant.

                              ────────────────

                              **No. 11-4248**
                              ────────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD COBB,

                    Defendant - Appellant.

                              ────────────────

                              **No. 11-4249**
                              ────────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM EDWARD COBB,

                    Defendant - Appellant.

                              ────────────────

                              **No. 11-4250**
                              ────────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

2

WILLIAM EDWARD COBB,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Charleston.  Solomon Blatt, Jr., Senior District Judge.  (2:10-cr-00202-SB-1; 2:09-cr-00086-SB-1; 2:09-cr-00060-SB-1; 2:09-cr-00056-SB-1; 2:09-cr-00053-SB-1; 9:07-cr-00569-SB-1)

_____

Submitted:  October 26, 2011          Decided:  November 17, 2011

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Edward Cobb pled guilty in two separate Fed. R. Crim. P. 11 hearings to a total of twenty-two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). He was sentenced to concurrent terms of 180 months in prison. Cobb appealed. In accordance with Anders v. California, 386 U.S. 738 (1967), Cobb's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning the adequacy of Cobb's Rule 11 hearings. Cobb received notice of his right to file a pro se supplemental brief, but has failed to do so. In his pro se notice of appeal, however, Cobb asserted that he received ineffective assistance of counsel during his plea process, and that the district court erred in imposing a sentence above his Guidelines range. We affirm in part and dismiss in part.

First, Cobb, through counsel, questions whether the district court sufficiently complied with the requirements of Rule 11 when accepting his pleas. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949

4

F.2d 114, 116 (4th Cir. 1991). The court must also determine whether there is a factual basis for the plea. DeFusco, 949 F.2d at 120. "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." Id. at 116. In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of a guilty plea pursuant to Rule 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

We have thoroughly reviewed the record in this case and conclude that the district court substantially complied with the mandates of Rule 11 when accepting both of Cobb's guilty pleas. The record affirmatively shows there was a factual basis for his pleas, that he understood the constitutional rights he waived in pleading guilty, and that his pleas were knowing and voluntary. Accordingly, we affirm Cobb's convictions.

Next, to the extent Cobb seeks to appeal his sentence, we conclude that we lack jurisdiction to consider his appeal. The district court sentenced Cobb in accordance with the sentencing agreement that he and the Government reached pursuant to Fed. R. Crim. P. 11(c)(1)(C). The statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea

agreement to claims that "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (internal quotation marks omitted).

Here, Cobb's sentence was less than the statutory maximum of twenty years of imprisonment for even a single violation of 18 U.S.C. § 2113(a), and his 180-month sentence was precisely what he and the Government agreed was appropriate in his case. Accordingly, review of his sentence is precluded by § 3742(c), and we dismiss Cobb's appeals as they relate to his sentence.

Lastly, we find that Cobb's claim of ineffective assistance of counsel is not suitable for review on direct appeal. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011) in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). The record before us fails to offer any support for Cobb's allegations

6

regarding his counsel's performance. We therefore decline to consider his ineffective assistance claim at this time.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Cobb's convictions and dismiss his appeals to the extent that they challenge his sentence. This court requires that counsel inform Cobb, in writing, of the right to petition the Supreme Court of the United States for further review. If Cobb requests that a petition be filed, but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cobb. We dispense with oral argument because the materials before the court adequately presented the facts and legal contentions and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

7