**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4461**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

NORDE DEVAL MCBRIDE,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-00078-TLW-6)

Submitted:  November 20, 2012        Decided:  November 26, 2012

Before TRAXLER, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norde Deval McBride pled guilty pursuant to a written plea agreement. On appeal, counsel files a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court's acceptance of McBride's guilty plea was in compliance with Fed. R. Crim. P. 11; and (2) whether McBride was properly sentenced. McBride was notified of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

First, because McBride did not challenge the validity of his guilty plea in the district court, we review only for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Our review of the record reveals that the district court complied with the dictates of Rule 11 and committed no error warranting correction on plain error review.

Second, we have reviewed McBride's sentence and conclude that it was reasonable. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Moreover, as noted by Anders counsel, McBride received the sentence stipulated in his plea agreement with the Government under Fed. R. Crim. P. 11(c)(1)(C). See 18 U.S.C. § 3742(c)(1) (2006); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (noting that a sentence imposed pursuant to

2

a Rule 11(c)(1) plea agreement arises from the plea agreement itself although the sentencing court should consult the Sentencing Guidelines to determine whether to accept the plea); United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (finding under 18 U.S.C. § 3742(c) that a defendant's appeal of a sentence to which he stipulated in a Rule 11 plea agreement is limited to circumstances where the sentence was imposed in violation of law or was imposed as a result of an incorrect application of the Guidelines).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McBride's conviction and sentence. This court requires that counsel inform McBride, in writing, of the right to petition the Supreme Court of the United States for further review. If McBride requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McBride. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED