**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4766

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMMIE ISSAC,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-02161-TLW-6)

Submitted:  January 29, 2013      Decided:  February 14, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timmie Issac appeals his conviction and ninety-month sentence imposed following his guilty plea to possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C) (2006). On appeal, Issac's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court complied with Federal Rule of Criminal Procedure 11 ("Rule 11") during the plea hearing and whether Issac's sentence was procedurally and substantively reasonable. Issac was advised of his right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm Issac's conviction. We dismiss Issac's appeal of his sentence for lack of jurisdiction.

Counsel questions whether the district court fully complied with Rule 11 in accepting Issac's guilty plea. Our review of the plea hearing reveals that the district court substantially complied with Rule 11 in conducting the plea colloquy, and committed no error warranting correction on plain error review. See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review); United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error

2

standard). Thus, the district court did not err in finding Issac's guilty plea knowing and voluntary.

Counsel also questions the procedural and substantive reasonableness of Issac's sentence. Issac entered his guilty plea pursuant to Rule 11(c)(1)(C); therefore, we conclude that we lack jurisdiction to review the sentence imposed by the district court. The federal statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law . . . [or] as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2006); United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(e)(1)(C), predecessor provision to 11(c)(1)(C). Here, Issac's sentence was less than the applicable statutory maximum, see 18 U.S.C. § 841(b)(1)(C), and, due to a downward departure, was less than the sentence for which he had bargained. Thus, review of his sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Issac's conviction and dismiss his appeal of the sentence. This court requires that counsel inform Issac, in writing, of his right to petition the Supreme Court of the

3

United States for further review.  If Issac requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Issac.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
