**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4395**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHAWN JOHNSON,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:11-cr-00114-CCB-1)

—————————

Submitted: February 21, 2013        Decided: February 25, 2013

—————————

Before AGEE and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

—————————

Teresa Whalen, LAW OFFICE OF TERESA WHALEN, Silver Spring,
Maryland, for Appellant.   Christopher M. Mason, Special
Assistant United States Attorney, Benjamin M. Block, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Johnson pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). In his plea agreement, Johnson waived the right to appeal his conviction and sentence, reserving only the right to appeal a sentence greater than 160 months. Pursuant to his Fed. R. Crim. P. 11(c)(1)(C) agreement with the Government, Johnson was sentenced to 160 months' imprisonment. Johnson appealed.

Johnson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether Johnson's guilty plea was valid under Rule 11 and whether Johnson's sentence is reasonable. Although advised of his right to do so, Johnson has not filed a pro se supplemental brief. The Government has moved to dismiss Johnson's appeal to the extent that the issues he raises fall within the scope of his plea agreement's waiver of appellate rights. For the following reasons, we grant the Government's motion for partial dismissal, dismiss in part, and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid

2

waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo. Id. "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169.

Here, the district court fully complied with Rule 11 when accepting Johnson's plea, ensuring that Johnson understood the rights he was relinquishing by pleading guilty and the sentence he faced, that Johnson committed the offense to which he was pleading, and that Johnson was aware of the limits his plea would place on his appellate rights. Given no indication to the contrary, we find that Johnson's appellate waiver is valid and enforceable. Moreover, under 18 U.S.C. § 3742(c), a defendant's appeal of a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement is limited to circumstances where "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks and citation omitted; alteration in original). Accordingly, we grant the Government's motion for partial dismissal, dismissing Johnson's appeal of his sentence.

But even a valid waiver of appellate rights will not foreclose a colorable constitutional challenge to the voluntariness of a guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732–33 & n.2 (4th Cir. 1994). Accordingly, Johnson's appellate waiver does not foreclose our review of the knowing and voluntary nature of his guilty plea. Because Johnson did not move to withdraw his guilty plea, however, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). As noted above, the district court fully complied with Rule 11 when accepting Johnson's guilty plea, and, therefore, we find no reason to question its validity. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with Anders, we have reviewed the record, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. We therefore affirm the appeal in part and dismiss in part. This court requires that counsel inform Johnson, in writing, of his right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART