**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4753**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

NAKIA HEATH KELLER,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, Chief
District Judge.  (5:10-cr-00015-GEC-JGW-2)

Submitted:  May 15, 2013                  Decided:  May 30, 2013

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Gregory B. English, THE ENGLISH LAW FIRM, PLLC, Alexandria,
Virginia, for Appellant.  Jeb Thomas Terrien, Assistant United
States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nakia Heath Keller was sentenced to three life terms plus 120 months' imprisonment after pleading guilty, pursuant to a plea agreement, to fourteen counts: conspiracy to commit interstate domestic violence, in violation of 18 U.S.C. § 371 (2006), conspiracy to carry and use a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (2006), conspiracy to kill witnesses, in violation of 18 U.S.C. § 1512(k) (2006), conspiracy to tamper with witnesses, in violation of 18 U.S.C. § 1512(k) (2006), conspiracy to tamper with evidence, in violation of 18 U.S.C. § 1512(k) (2006), conspiracy to use fire to commit a felony, in violation of 18 U.S.C. § 844(m) (2006), interstate domestic violence resulting in death, in violation of 18 U.S.C. §§ 2261, 2 (2006), use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), 924(j)(1), 2 (2006), murdering a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 2 (2006), use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), (j)(1), 2 (2006), tampering with witnesses, in violation of 18 U.S.C. §§ 1512(b)(3), 2 (2006), tampering with evidence, in violation of 18 U.S.C. §§ 1512(c), 2 (2006), use of fire during the commission of a felony, in violation of 18 U.S.C. §§ 844(h), 2 (2006), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On

2

appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Keller's guilty plea was invalid and whether his sentence was unreasonable. Keller was given the opportunity to file a pro se supplemental brief but has not done so. The Government moved to dismiss Keller's appeal, asserting that he waived any and all right to appeal in the plea agreement. We affirm in part, dismiss in part, and deny the Government's motion to dismiss as moot.

I.

Federal Rule of Criminal Procedure 11 requires that the district court, prior to accepting a guilty plea, conduct a plea colloquy in which it informs the defendant of the charges to which he is pleading and determines that he comprehends the nature of those charges, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court must also ensure that the defendant's plea is voluntary, and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). In reviewing compliance with Rule 11, this court accords deference to the district court's decision as to how to best conduct the mandated colloquy with the defendant. DeFusco, 949 F.2d at 116.

3

Because Keller did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error, (2) the error was plain, and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732-34 (1992). To establish that a Rule 11 error has occurred, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Upon review of the transcript of the plea hearing, we conclude that the district court complied with Rule 11's requirements. The court ensured that Keller's guilty plea was knowing and voluntary and supported by a factual basis, and that Keller understood the rights he was relinquishing by pleading guilty and the sentence he faced. We therefore affirm Keller's conviction.

## II.

When the parties have stipulated to a particular sentence under Rule 11(c)(1)(C) and the district court imposes that sentence, the defendant may appeal only if the court imposed that sentence "in violation of the law" or "as a result of an incorrect application of the sentencing guidelines." 18

4

U.S.C. § 3742(a)(1)-(2), (c)(1) (2006); <u>United States v. Sanchez</u>, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(c)(1)(C)'s predecessor provision, Rule 11(e)(1)(C)). Because the sentence imposed by the district court neither violated the law nor resulted from an incorrect application of the Guidelines, <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."), Keller's Rule 11(c)(1)(C) stipulation precludes this court from considering his claims regarding his sentence. We therefore dismiss Keller's appeal of his sentence.

III.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore deny the Government's motion to dismiss as moot. This court requires that counsel inform Keller, in writing, of his right to petition the Supreme Court of the United States for further review. If Keller requests that a petition be filed, but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Keller. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART