**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4727**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JERMAINE MILLER,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Williams D. Quarles, Jr., District
Judge. (1:10-cr-00604-WDQ-1)

———————

Submitted: May 13, 2014                Decided: May 29, 2014

———————

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

———————

Robin M. Earnest, LAW OFFICE OF ROBIN EARNEST, Riverdale,
Maryland, for Appellant. Debra Lynn Dwyer, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Miller appeals his conviction and 134-month sentence imposed following the entry of his guilty plea to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(C) (2012). On appeal, Miller's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Miller's sentence is reasonable. Miller was advised of his right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm Miller's conviction. We dismiss Miller's appeal of his sentence for lack of jurisdiction.

The sole question raised on appeal is whether Miller's sentence is reasonable.[*] Miller entered his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); therefore, we lack jurisdiction to review the sentence imposed by the district court. The federal statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law . . . [or] as a result of an

---

[*] We decline to sua sponte enforce Miller's waiver of appellate rights in the plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2006); United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(e)(1)(C), predecessor provision to 11(c)(1)(C)). Here, Miller's sentence was less than the applicable statutory maximum, see 21 U.S.C. § 841(b)(1)(C), was not based upon the Sentencing Guidelines, and was the sentence for which he had bargained. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."). Thus, review of his sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. The district court substantially complied with Federal Rule of Criminal Procedure 11 in describing the rights that Miller was waiving by entering a guilty plea. Miller averred that he understood those rights and that he was, in fact, guilty. He did not move to withdraw that plea, and we find no plain error in the court's acceptance of his guilty plea. See United States v. Martinez, 277 F.3d 517, 524-32 (4th Cir. 2002). We therefore affirm Miller's conviction. And, as explained above, we dismiss Miller's appeal of the sentence.

This Court requires that counsel inform Miller, in writing, of his right to petition the Supreme Court of the

3

United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>