**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

REYES TERRONES-LOPEZ,

    Defendant - Appellant.

No. 15-2231
(D.C. No. 2:15-CR-00645-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Reyes Terrones-Lopez seeks to raise an ineffective assistance of counsel claim in this direct appeal. We conclude the record is insufficiently developed to resolve his claim. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal without prejudice to Terrones-Lopez raising his claim in a collateral proceeding.

**I**

Terrones-Lopez was charged with reentry of a removed alien under 8 U.S.C. § 1326(a) and (b). The government offered him a fast track plea agreement, which would have resulted in a four-level reduction in sentencing and a sentencing range of either 30 to 37 or 37 to 46 months. Terrones-Lopez rejected the plea offer and pled

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guilty to the charges in the information. At a plea hearing, a magistrate judge inquired into his reasons for rejecting the plea agreement. Defense counsel responded that she intended to seek a downward departure, which the plea agreement would have prohibited.

Defense counsel did not file a motion for downward departure. Nor did she file a sentencing memorandum or request an evidentiary hearing. At sentencing, the district court informed the parties it was adopting the findings in the presentence report ("PSR"). The PSR identified coercion and duress as possible grounds for a departure, detailing Terrones-Lopez's allegations that he and his family had been subjected to death threats, kidnappings, arson, and vandalism. However, the PSR stated these allegations were uncorroborated and recommended a sentencing range of 46 to 57 months.

After the district court informed the parties of its intent to impose a sentence of 46 months, defense counsel asked the court to "consider something a little bit less," noting the alleged arson, vandalism, death threats, and kidnappings. Terrones-Lopez also made a brief statement outlining his reasons for returning to the United States. Without further comment, the court imposed a sentence of 46 months. Terrones-Lopez timely appeals.

## II

We have consistently held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be

dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). This rule "encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir. 1991), overruled on other grounds by Galloway, 56 F.3d at 1241. We have reviewed ineffective assistance claims on direct appeal in rare instances, but only where the record was sufficiently developed to allow "fair evaluation" of the defendant's claim. Id.

Terrones-Lopez argues that the record in this case is sufficiently developed to permit review of his ineffective assistance claim on direct appeal. He cites two Tenth Circuit cases in which we decided ineffective assistance claims on direct appeal. In both cases, however, the circumstances surrounding counsel's allegedly deficient performance were apparent on the face of the record. See United States v. Sanchez, 146 F.3d 796, 797-98 (10th Cir. 1998) (claim based on counsel's alleged failure to detect a miscalculation of the applicable sentencing range and to object to a sentence exceeding applicable range); United States v. Roman, No. 97-1472, 1998 WL 381066, at *1-2 (10th Cir. 1998) (unpublished) (claim arising from counsel's failure to object to PSR as to relevant conduct). In contrast, the merits of Terrones-Lopez's ineffective assistance claim cannot be resolved based on the record before us. Although defense counsel's conversation with the magistrate judge reveals her reasons for advising Terrones-Lopez to forgo the fast track plea, we do not know the nature and quality of the extenuating circumstances defense counsel planned to

3

present to the district court; the extent of any investigation defense counsel conducted prior to the plea hearing; the events that occurred between Terrones-Lopez's guilty plea and the sentencing hearing; or defense counsel's reasons for not filing a downward departure motion.

**III**

For the foregoing reasons, we dismiss Terrones-Lopez's ineffective assistance claim.[1]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Should Terrones-Lopez raise his claim in a 28 U.S.C. § 2255 petition, we urge the district court to consider expedited review so as to avoid the potential injustice that would occur if Terrones-Lopez were to complete his 46-month sentence prior to a judicial determination of his claim.