**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4127

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTHONY JOSEPH JENNINGS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, Chief District Judge.  (4:11-cr-02078-TLW-1)

Submitted:  September 24, 2013      Decided:  September 26, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Joseph Jennings pled guilty to armed bank robbery, 18 U.S.C. §§ 2113(a), (d) (2006), and using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2006). Jennings' written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentencing range of 87 to 108 months' imprisonment. The district court imposed a 105-month sentence. Jennings' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether the district court adequately complied with Rule 11 in accepting Jennings' guilty plea and whether Jennings' sentence is reasonable. Although advised of his right to do so, Jennings has not filed a pro se supplemental brief. The Government declined to file a response.* We affirm in part and dismiss in part.

Because Jennings did not move to withdraw his guilty plea in the district court, the adequacy of the Rule 11 hearing

---

\* The Government has not sought enforcement of the waiver of appellate rights in the plea agreement. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this court to perform the Anders review).

2

is reviewed for plain error only.  United States v. Martinez, 277 F.3d 517, 524–26 (4th Cir. 2002).  To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725 (1993).  In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions.  United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).  Our thorough review of the record reveals that the district court adequately complied with Rule 11 in conducting the guilty plea colloquy. Thus, we conclude that Jennings' guilty plea was knowing and voluntary and supported by an independent basis in fact, and we find no plain error in the district court's acceptance of his guilty plea.

Next, we conclude that we lack jurisdiction to review Jennings' sentence.  The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(c) (2006), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the sentence was imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines. 18 U.S.C. §§ 3742(a)(1)-(2), (c)(1) (2006); United States v.

3

<u>Sanchez</u>, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(c)(1)(C)'s predecessor provision, Rule 11(e)(1)(C)). Because the sentence imposed by the district court neither violated the law nor resulted from an incorrect application of the Guidelines, <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."), our review of Jennings' sentence is precluded by § 3742(c).

In accordance with <u>Anders</u>, we have reviewed the record in this case and found no meritorious issues for appeal. We therefore affirm Jennings' convictions and dismiss his appeal to the extent he challenges his sentence. This court requires that counsel inform Jennings in writing of the right to petition the Supreme Court of the United States for further review. If Jennings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jennings. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>

4