**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4127**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT THOMAS EDWARDS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:13-cr-00318-RBH-1)

─────────────

Submitted: July 22, 2014          Decided: July 28, 2014

─────────────

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Thomas Edwards appeals his conviction and the 188-month sentence imposed following his guilty plea to possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Edwards' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court fully complied with Federal Rule of Criminal Procedure 11 in accepting Edwards' guilty plea. Edwards was advised of his right to file a pro se supplemental brief but did not file one. Finding no meritorious grounds for appeal, we affirm Edwards' conviction. To the extent that Edwards seeks to appeal his sentence, we dismiss that portion of the appeal for lack of jurisdiction.

Our review of the plea hearing reveals that the district court fully complied with Federal Rule of Criminal Procedure 11 in conducting the plea colloquy.[*] See United States v. General, 278 F.3d 389, 393 (4th Cir. 2002) (providing standard of review). Thus, the court did not err in accepting as knowing and voluntary Edwards' guilty plea.

---

[*] We decline to sua sponte enforce Edwards' waiver of appellate rights in the plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

Counsel correctly observes in the Anders brief that we lack jurisdiction to consider an appeal of Edwards' sentence because Edwards entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The federal statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law . . . [or] as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2006); United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(e)(1)(C), predecessor provision to 11(c)(1)(C)). Here, Edwards' sentence was less than the applicable statutory maximum, see 21 U.S.C. § 841(b)(1)(C), was not based upon the Sentencing Guidelines, and was the sentence for which he had bargained. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."). Thus, review of his sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Edwards' conviction and dismiss the appeal to the extent that Edwards seeks review of his sentence. This

3

court requires that counsel inform Edwards, in writing, of his right to petition the Supreme Court of the United States for further review.  If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Edwards.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4