**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4279**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DEMETRIOUS ANTONIO MCWHITE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:13-cr-00447-RBH-1)

_____

Submitted:  July 14, 2014          Decided:  August 5, 2014

_____

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH,
JR., Florence, South Carolina, for Appellant.  Alfred William
Walker Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrious Antonio McWhite pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). The parties stipulated in the plea agreement to a 170-month prison sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted McWhite's guilty plea pursuant to the plea agreement and sentenced him to 170 months' imprisonment.

On appeal, McWhite's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court complied with Fed. R. Crim. P. 11 in accepting McWhite's guilty plea and whether the 170-month prison sentence is reasonable. McWhite was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm in part and dismiss in part.

Because McWhite did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the

2

error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting McWhite's guilty plea and that the court's omissions did not affect McWhite's substantial rights. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent basis in fact, and that McWhite entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of McWhite's guilty plea.

Counsel also questions whether McWhite's 170-month prison sentence is reasonable. We conclude that we lack jurisdiction to review this challenge. McWhite entered his guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C). The federal statute governing appellate review of a sentence limits

the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that the district court imposed the sentence "in violation of law . . . [or] as a result of an incorrect application of the [S]entencing [G]uidelines." 18 U.S.C. § 3742(a)(1)-(2), (c) (2012); United States v. Sanchez, 146 F.3d 796, 797 & n.1 (10th Cir. 1998) (concerning Rule 11(e)(1)(C), the predecessor provision to Rule 11(c)(1)(C)). McWhite's 170-month sentence does not exceed the applicable statutory maximum, see 21 U.S.C. § 841(b)(1)(A), was not based upon the Sentencing Guidelines, and was the sentence for which he had bargained. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines."). Review of McWhite's 170-month sentence is thus precluded by 18 U.S.C. § 3742(c).

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm McWhite's conviction and dismiss the appeal of his sentence. This court requires that counsel inform McWhite, in writing, of the right to petition the Supreme Court of the United States for further review. If McWhite requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

4

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McWhite.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5